UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TROY A. SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-00662-RLY-MPB |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commisioner of the Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Plaintiff, Troy A. Sims, initiated this lawsuit against the Commissioner of the Social Security Administration seeking judicial review of the Commissioner's final decision denying him Disability Insurance Benefits and Supplemental Security Income. On March 8, 2017, the court referred this matter to Magistrate Judge Matthew P. Brookman for a Report and Recommendation. (Filing No. 24). On July 28, 2017, the Magistrate Judge issued his Report and Recommendation, recommending that Plaintiff's Complaint be granted and that the case be remanded for further consideration. (Filing No. 25). Neither

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of the Social Security Administration. Nancy A. Berryhill became the Acting Commissioner on January 20, 2017. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the court may order substitution at any time. *Id.*

party has objected to the Report and Recommendation. Accordingly, the court reviews the Report and Recommendation under a clear error standard. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Having considered the parties' arguments, the ALJ's decision, and the Report and Recommendation, the court finds that the Magistrate Judge did not commit clear error.[2]

The court does note two typographical errors and modifies them accordingly. First, the court modifies the heading of letter A under section II from "The ALJ's credibility determination was not patently wrong and he did not err in his analysis of the evidence regarding Plaintiff's ambulatory abilities" to "The ALJ's credibility determination was patently wrong and he erred in his analysis of the evidence regarding Plaintiff's ambulatory abilities." (*See* Filing No. 25, Report and Recommendation at 7).[3] Second, the court modifies a quotation on page 10 from "while the claimant stated he needed to use a cane ninety percent of the time (which claimant testified included standing and walking), he alleged during his most recent consultative examination that he *walk* a cane" to "while the claimant stated he needed to use a cane ninety percent of the time [which claimant testified

---

[2] The Report and Recommendation discusses various issues relating to the ALJ's RFC determination. (*See* Report and Recommendation at 17-20). The Magistrate Judge opines that the RFC determination will "likely require review" on remand, but also addresses Plaintiff's other arguments regarding the RFC "in the event that remand does not impact the RFC." (*Id.* at 17). Based on a clear error standard, there is nothing clearly erroneous about this section. However, given the numerous grounds for reversal stated earlier in the Report and Recommendation, this court encourages the ALJ on remand to review the RFC.

[3] Though seemingly a sweeping change, the substance of the argument is that the ALJ *did* err with regards to his analysis of the credibility determination and Plaintiff's ambulatory abilities, and the court's modification only serves to bring the heading in line with the rest of the argument.

included standing and walking], he alleged during his most recent consultative examination that he could *walk* without a cane." (*Id.* at 10)

Subject to those modifications, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 25), **REVERSES** the decision of the ALJ, and **REMANDS** the matter for further proceedings consistent with the Report and Recommendation, all pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED** this 24th day of August 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.